UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MIKE FAWAZ,**
on behalf of himself
and others similarly situated,

                Plaintiff,        Case No.

**v.**                                          Hon.

**ABCDE OPERATING, L.L.C.,**
d/b/a **"THE PENTHOUSE CLUB"**,
and **ALAN MARKOVITZ,**
                Defendants.

---

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

---

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

**COMPLAINT**

Plaintiff Mike Fawaz, on behalf of himself and others similarly situated through his attorneys, Gold Star Law, P.C., for his Collective Action Complaint states:

**PRELIMINARY STATEMENT**

1. Plaintiff, Mike Fawaz, ("Fawaz"), and the employees he seeks to represent are current and former employees of Defendants, ABCDE Operating, L.L.C., d/b/a "The Penthouse Club" and Alan Markovitz (collectively "Defendants") who worked as bouncers/security guards for Defendants.

2. Fawaz and the employees he seeks to represent were all non-exempt employees under the Fair Labor Standards Act of 1938 29 USC § 201, *et seq*. ("FLSA").

3. Defendants did not compensate Fawaz and the employees he seeks to represent for all hours worked.

4. Defendants required or permitted Fawaz to work in excess of 40 hours per week, but failed to compensate Fawaz at a rate of at least 1 ½ times the minimum wage for hours worked in excess of 40.

5. Defendants' conduct violates the FLSA, which requires employers to compensate employees at least minimum wage for all hours worked up to 40 hours per week, and 1 ½ times the minimum wage rate for any hours worked in excess of 40 hours per week. 29 U.S.C. §§ 206(a), 207(a).

6. Defendants likewise did not pay minimum wage and overtime to other similarly situated employees. Fawaz brings a collective action to recover unpaid wages owed to him and on behalf of all other similarly situated employees, current

and former, of Defendants. Members of the collective action are hereinafter referred to as "Class Members."

## PARTIES, JURISDICTION AND VENUE

7. Fawaz is an individual residing in Livonia, Michigan.

8. Defendant ABCDE Operating, L.L.C., d/b/a "The Penthouse Club", is a Michigan limited liability company with its place of business in Detroit, Michigan.

9. Defendant Alan Markovitz ("Markovitz") is an individual that regularly conducts business in Detroit, Michigan.

10. This action arises under the FLSA 29 U.S.C. § 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

11. Defendants reside within this judicial district and the claims asserted in this action arose within this district. Venue is proper in this Court pursuant to 28 § U.S.C. 1391.

## COVERAGE

12. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. § 203(d).

13. Fawaz and Class Members are "employees" within the coverage of the FLSA. 29 U.S.C. § 203(e).

14. Defendants are an enterprise engaged in commerce as defined by the FLSA and have revenues in excess of $500,000 per year. 29 U.S.C. § 203(s).

15. Defendants controlled the hours to be worked by and the compensation of Plaintiff and Class Members.

## FACTUAL ALLEGATIONS

16. Defendant ABCDE Operating, L.L.C. owns and operates an adult cabaret in Detroit, Michigan.

17. Defendant Markovitz is a member and manager of ABCDE Operating, L.L.C., and is responsible for managing ABCDE Operating, L.L.C.'s business operations and setting its compensation policies.

18. Defendants employed Fawaz as a bouncer/security guard from 2008 to on or about February 15, 2017.

19. From 2008 to approximately March, 2016 Fawaz worked on average 40 to 45 hours per week.

20. From approximately March, 2016 to approximately January, 2017 Fawaz worked an average of 35 to 40 hours per week.

21. From approximately January, 2017 to on or about February 15, 2017 Fawaz worked an average of 14 hours per week.

22. Defendants were required to compensate Fawaz at least minimum wage for all hours worked up to 40 hours per week. 29 U.S.C. § 206(a).

Additionally, Defendants were required to compensate Fawaz at 1 ½ times the minimum wage rate for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a).

23. Throughout Fawaz's employment with Defendants, Defendants did not compensate Fawaz for any hours worked. Instead, Fawaz's only form of compensation was the tips that he received from customers.

24. Fawaz was not exempt from the minimum wage and overtime pay requirements of the FLSA.

25. All hours worked by Fawaz, including overtime hours, were worked at the direction and with the sufferance of Defendants.

26. Defendants' failure to properly compensate Fawaz was willful, with knowledge, or with reckless disregard of the statutory minimum wage and overtime requirements.

**COLLECTIVE ACTION ALLEGATIONS**

27. Fawaz has actual knowledge that Class Members have also not been properly compensated minimum wage and overtime by Defendants. That is, Fawaz worked with other bouncers and/or security guards who were not compensated at least minimum wage for hours worked up to 40 hours per week, and who were not paid at 1 ½ times the minimum wage for hours worked in excess 40 hours per workweek.

28. Class Members perform or have performed the same or similar work as Fawaz.

29. As such, Class Members are similar to Fawaz in terms of job duties and pay structure.

30. Defendants' unlawful compensation practices result from generally applicable policies or practices and do not depend on the personal circumstances of Class Members. Specifically, Defendants provide no compensation to any bouncers/security guards beyond the tips they receive from customers.

31. The experiences of Fawaz, with respect to his pay, is typical of the experiences of the Class Members.

32. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

33. All Class Members, irrespective of their particular job requirements, were entitled to be compensated for all hours worked, were entitled to minimum wage for hours worked up to 40 hours per week, and were entitled to overtime pay for hours worked in excess of 40 hours per week.

34. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants

that caused harm to all Class Members. Fawaz brings his FLSA claim as a collective action on behalf of the following class:

> **All current and former persons employed as bouncers and/or security guards by Defendants throughout Michigan that were not compensated at least minimum wage for all hours worked up to 40 hours per week, and those that were not compensated overtime, or 1 ½ times minimum wage for hours worked in excess of 40 hours per week, during the period from 3 years prior to the filing of this complaint to the present.**

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

35. Fawaz and Class Members incorporate the foregoing paragraphs as if fully stated herein.

36. Defendants violated the FLSA by failing to pay Fawaz and Class Members minimum wage for hours worked up to 40 per week, and by failing to pay 1 ½ times minimum wage for hours worked in excess of 40 per week. 29 U.S.C. §§ 206(a), 207(a).

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked, to pay employees minimum wage, and to pay employees overtime are applicable to Defendants or Fawaz and Class Members.

38. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for

the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

39. As a direct and proximate cause of Defendants' violation of the FLSA, Fawaz and Class Members have sustained damages in the form of unpaid wages and overtime compensation, in an amount to be proven at trial.

40. Fawaz and Class Members are entitled to recover their unpaid wages.

41. Fawaz and Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

42. Fawaz and Class Members are entitled to recover attorney fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Fawaz request that this Court enter judgment awarding the following relief:

a. Unpaid minimum wage compensation for all hours worked up to 40 hours per week;

b. Unpaid overtime compensation for all hours work in excess of 40 per week at the applicable overtime rate;

c. An amount equal to the unpaid wages as liquidated damages;

d. Reasonable attorney fees, costs and expenses of the action;

e. An order requiring Defendants to correct their pay practices going forward; and

  f. Such other and further relief as the Court deems just and equitable.

           Respectfully submitted,

           **GOLD STAR LAW, P.C.**

           */s/ Caitlin E. Malhiot*
           **Caitlin E. Malhiot (P76606)**
           **David A. Hardesty (P38609)**
           Attorneys for Plaintiff
           2701 Troy Center Dr., Ste. 400
           Troy, Michigan 48084
           (248) 275-5200

Dated: June 26, 2017