# EXHIBIT 1

## COURT APPROVED RELEASE AND SETTLEMENT AGREEMENT

This Court Approved Release and Settlement Agreement ("Agreement") is made this __21st__ day of __Dec__, 2017 ("Agreement Date") by and between Mike Fawaz ("Plaintiff") on the one hand; and ABCDE Operating, L.L.C., d/b/a "The Penthouse Club," and Alan Markovitz (collectively, "Defendants") on the other hand. The terms "Plaintiff" and "Defendants" shall include its/his/their: heirs; executors; administrators; families; spouses; significant others; personal and corporate: successors, predecessors, parents, subsidiaries, affiliates; past and current officers, directors, shareholders, members, managers, employees, agents and attorneys; insurance carriers; any assigns of any of the foregoing, and any other person(s) and/or entity(ies) affiliated with any of the foregoing;

**Whereas,** Plaintiff filed a lawsuit, Case No. 2:17-CV-12068-DML-MKM (the "Lawsuit") 02-0172, including claims under the federal Fair Labor Standards Act ("FLSA"), the Michigan Minimum Wage Law of 1964 ("MMWL") and the Workforce Opportunity Wage Act of 2014 ("WOWA") (collectively the "Acts") .

**Whereas**, the parties desire to settle all claims that were or could have been raised by Plaintiff in the Lawsuit and/or any other threatened, actual, or potential claims by Plaintiff;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. **Settlement Amount.** Defendants agree to pay or cause to be paid to Plaintiff the total amount of $60,000.00 (the "Settlement Amount"), which is inclusive of all attorney fees, costs and expenses in the Arbitration.

2. **Payment Terms.** Defendants shall pay the Settlement Amount in two payments: (1) $45,000.00 within 7 days from the date of entry by the Court of the declaration to be submitted by Fawaz as required by the Court, and (2) $15,000.00 within 30 days of the date of execution, both in the form of a check made payable to Gold Star Law, PC Trust Account, and delivered to Caitlin Malhiot, Gold Star Law, PC, 2701 Troy Center Dr,. Suite 400, Troy, Michigan 48084.  If no Court approval is obtained, Defendants shall have no obligation to pay the Settlement Amount and this Agreement shall be deemed null and void and of no force or effect.

3. **Plaintiff's Release.** Plaintiff hereby fully, finally, irrevocably, unconditionally, and forever release and discharge Defendants of and from any and all claims, demands, causes of action, suits, damages, losses, wages, employment claims, and rights of every kind, nature, and description, including without limitation, claims raised or that could have been raised in the Lawsuit and/or the Arbitration, including, but not limited to claims for: breach of express or implied contract (oral or written); wrongful discharge; retaliation; harassment; violation of public policy; retaliatory discharge; discrimination, retaliation and/or harassment of any nature; violation of the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Fair Labor Standards Act, the Employee Retirement and Income Security

Act of 1974, the Elliott-Larsen Civil Rights Act;  the Michigan Persons With Disabilities Civil Rights Act, the Whistleblowers' Protection Act, the Michigan Wage and Hour laws, the Michigan Wage and Fringe Benefit Act, MMWL, WOWA and any and all amendments to any of the foregoing; violation of any federal, state or local laws, ordinances, statutes, regulations or constitutional provisions, and any and all other claims existing in law or in equity. This release applies to all past, existing and accrued claims arising out of any relationship and/or termination of the relationship between the parties.

It is understood that this release does not prevent Plaintiff from filing an administrative charge with the Equal Employment Opportunity Commission or similar state agency, however, Plaintiff agree that if they do file such, they will not seek or accept any monetary compensation based upon the charge.

4.  In return for the consideration set forth in this Agreement, except for breaches of this Agreement, Plaintiff agrees that he will  never institute any action, administrative or arbitration proceeding or suits in law or in equity against Defendants or institute, prosecute or in any way aid in the institution or prosecution of any counts, actions, proceedings, appeals, claims, demands, settlements, contracts, controversies, agreements, promises, variances, trespasses, damages or causes of action for damages, costs, injunctive relief, loss of services, attorney's fees, expenses or compensation for or on account of any damage, loss or injury to either person or property or both, whether developed or undeveloped, resulting or to result, known or unknown, past or present, which Plaintiff ever had against Defendants by reason of any relationship and/or termination of any relationship, from the beginning of the world up to the date of the signing of this Agreement,  including without limitation, claims of or for: breach of express or implied contract (oral or written); wrongful discharge; retaliation; harassment; violation of public policy; retaliatory discharge; discrimination, retaliation and/or harassment of any nature; violation of the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Fair Labor Standards Act, the Employee Retirement and Income Security Act of 1974, the Elliott-Larsen Civil Rights Act;  the Michigan Persons With Disabilities Civil Rights Act, the Whistleblowers' Protection Act, the Michigan Wage and Hour laws, the Michigan Wage and Fringe Benefit Act, MMWL, WOWA and any and all amendments to any of the foregoing; violation of any federal, state or local laws, ordinances, statutes, regulations or constitutional provisions, and any and all other claims existing in law or in equity. Plaintiff agree to indemnify and hold Defendants harmless from all settlements, judgments, costs and attorney's fees arising due to any violation of this paragraph.

5. **Dismissal of the Lawsuit**. Fourteen (14) days after verification of receipt of full payment of the settlement proceeds, Plaintiff shall submit to the Court a stipulation of dismissal with prejudice and without costs or fees as to the Lawsuit. .

6. **Default of Settlement Payment.** Defendants shall be considered to be in default of their payment obligations in the event that any settlement payment is not received within 7 business days of the date each payment is due. If any check is dishonored by the bank upon which it is drawn, such dishonor shall also constitute a default, effective on the date of dishonor. Upon notification from Gold Star Law, P.C., that Defendants are in default, Defendants shall have two (2) business days to cure the default by delivering the then-due payment, by certified check, to Gold Star Law, P.C. The default shall be deemed cured only upon receipt of the certified check, in the then-due amount, by Gold Star Law, P.C. Notification of default shall be made by email to Defendants at andrew@ajbeanlaw.com.

7. **Attorney Fees**. In the event that any dispute arises under this Agreement and a party brings an action to enforce their rights hereunder then, in addition to such other relief as may be awarded, the prevailing party shall be entitled to recover reasonable attorney fees and costs incurred in connection with such action.

8. **No Admission of Liability and No Concession as to the Merits.** This Agreement does not represent in any way an admission by Defendants that it treated Plaintiff in any wrongful or unlawful manner and Defendants are paying the Settlement Amount only to avoid paying additional attorney fees and costs in connection with the Lawsuit. Plaintiff makes no concession as to the merits of his claims against Defendants. The parties have entered into this Agreement to avoid the risks, uncertainty, expense and burden of further litigation. Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants, or concession thereof on the part of Plaintiff.

9. **Responsibility for Taxes and Indemnification.** Defendants shall provide Plaintiff with an IRS Form 1099-MISC reflecting the full Settlement Amount. Plaintiff will provide Defendants with a fully executed IRS Form W-9. Plaintiff shall be responsible for all taxes due as a result of the payments. Defendants make no warranty or representation regarding the tax treatment of the Settlement Amount and Plaintiff agree to indemnify and make whole Defendants in the event Defendants are held responsible for any tax, penalty, interest or other damage resulting from Plaintiff' receipt of the Settlement Amount.

10. **Governing Law and Forum**. This Agreement shall be governed by and construed under the laws of the State of Michigan. Jurisdiction for any litigation concerning this Agreement shall be exclusively in a state or federal court located within the jurisdiction of the Court.

11. **Mutual Drafting**. The language of this Agreement is a product of the mutual effort of the parties and their attorneys. This Agreement shall be construed fairly as to all parties, and it shall not be construed for or against any of the parties on the basis of the extent to which that party participated in drafting it.

12. **Entire Agreement.** This Agreement comprises the entire agreement between the parties with respect to the matters contained herein, and supersedes any prior agreements or understandings between the parties in that regard, whether oral or written. The parties acknowledge that no warranties or representations have been made to or are being relied upon by the parties except those contained in the provisions of this Agreement.

13. **Modification.** No modification or amendment of this Agreement shall be binding upon the parties unless executed in writing by the party to be bound thereby.

14. **Waiver.** Failure to take action to enforce the terms of this Agreement shall not constitute a waiver of the right to future enforcement. No waiver of any provision of this Agreement shall constitute a waiver of any other provision, nor shall such waiver constitute a continuing waiver unless expressly so provided.

15. **Signature and Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument. Photocopies and facsimiles of the executed signature pages will be binding upon the parties as if original.

16. **Acknowledgement and Authority.** The parties acknowledge that they have carefully read this Agreement, that they have had the opportunity to have it reviewed by their respective attorneys, and they understand its contents and consequences and that the only promises made to them to sign this Agreement are those stated herein. The parties warrant and represent that the individuals executing below have full authority to execute this Agreement on behalf of their respective parties.

**THIS AGREEMENT CONTAINS A RELEASE OF ALL CLAIMS. THE UNDERSIGNED HAVE BEEN EXPRESSLY ADVISED TO READ BEFORE SIGNING AND TO CONSULT WITH AN ATTORNEY AND TAX ADVISOR BEFORE SIGNING. THE UNDERSIGNED HEREBY REPRESENT AND WARRANT TO DEFEDNANTS THAT THEY UNDERSTAND FULLY THE TERMS OF THIS AGREEMENT AND HAVE VOLUNTARILY ENTERED INTO THE SAME.**

**IN WITNESS WHEREOF**, the parties execute this Release and Settlement Agreement as of the date first set forth above.

_____          12/21/17
Mike Fawaz                                Date

_____  12/21/17
**Witness**  **Date**

**ABCDE Operating, L.L.C., d/b/a "The Penthouse Club"**

By: _____  _____
Its: _____  **Date**

Alan Markovitz

_____  _____
**Alan Markovitz**  **Date**

_____  _____
**Witness**  **Date**