UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE FAWAZ,

        Plaintiff,                                      Case Number 17-12068

v.                                                     Honorable David M. Lawson

ABCDE OPERATING, LLC and ALAN
MARKOVITZ,

        Defendants.
_____/

## ORDER GRANTING MOTION TO APPROVE
## SETTLEMENT AND DISMISSING CASE

This matter is before the Court on a joint motion by the parties to approve the terms of their settlement agreement. The plaintiff brought suit under the Fair Labor Standards Act, alleging that the defendant failed to pay him the required minimum hourly wage and overtime wages for hours worked in excess of 40 hours per week. An employee's rights to a minimum wage and overtime premium wages under the FLSA are mandatory and are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An exception to that general rule exists when a bona fide dispute arises between the employee and employer, and that dispute is settled under court supervision. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores v. United States,* 679 F.2d 1350 (11th Cir. 1982)). The Court's obligation in reviewing settlements of FLSA claims is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 09-1608,

2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)).

The Court held a hearing on December 8, 2017, and during that hearing the parties put the terms of their proposed settlement on the record, which called for, among other things, payment by the defendant of total settlement proceeds in the amount of $60,000, with $20,000 of that amount (one-third) allocated to attorney fees. The parties also represented that a good faith dispute exists between them over the exact number of hours of compensation due to the plaintiff, since the timekeeping records kept by both the defendant and the plaintiff are not entirely complete. The Court found, after reviewing the terms of the settlement, that it appears to have made the plaintiff whole with respect to the unpaid minimum and overtime wages, and that it includes an attorney's fee in a reasonable amount. The plaintiff was not present at the hearing, but he filed a supplemental declaration on December 21, 2017 in which he attested that he has reviewed the terms of the settlement with his attorney and that he approved them.

The parties jointly asked the Court to approve the agreement, and it does not appear that there is any danger of collusion for the purpose of skirting the requirements of the FLSA. At the end of the hearing, the Court found that the settlement was fair, adequate, and reasonable and announced from the bench its decision to grant the joint motion to approve the settlement.

Accordingly, for the reasons stated on the record, it is **ORDERED** that the joint motion of the parties to approve the settlement agreement [dkt. #26] is **GRANTED**, and the settlement is **APPROVED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE** and without costs to any party. Either party may apply to reopen the case to enforce the settlement agreement [dkt. #29] **on or before January 26, 2018**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. #5] is **DISMISSED** as moot.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   December 26, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 26, 2017.

s/Susan Pinkowski  
SUSAN PINKOWSKI